**24UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFRY DOUGLAS SELLERS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00145-SRW |
| | ) | |
| ST. CHARLES COUNTY SHERIFF'S DEPARTMENT and MISSOURI STATE HIGHWAY PATROL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Jeffry Douglas Sellers, Jr. brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. On July 20, 2026, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered the payment of an initial partial filing fee of $2.20. [Doc. 7]. After granting Plaintiff an extension of time to pay, the partial payment has now been received by the Court.

Since Plaintiff is proceeding *in forma pauperis* in this action, his Complaint is subject to review under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**The Complaint**

Plaintiff brings this 42 U.S.C. § 1983 action against two defendants: St. Charles County Sheriff's Department and Missouri State Highway Patrol. [Doc. 1 at 1-3]. Plaintiff's brief "Statement of Claim," in his own words, is as follows:

> I was told that I have to live 1,000 ft of a school, park, daycare, and couldn't do anything with my kids on Halloween … [I]ts been happening since I moved here [to St. Charles County on] May 10th 2021.

[*Id.* at 3].

As a result of this situation, Plaintiff asserts that he has suffered mental stress and anxiety which has caused seizures and migraines. He has also been unable to find a place to live, resulting in sleeping in his car despite extreme temperatures. He has experienced depression and mental emotional distress, for which he has been in therapy and counseling. *Id.* at 3-4. Finally, Plaintiff also alleges that he has lost "priceless" time with his kids, opportunities to have a home, and that he "wouldn't be locked up right now" if it weren't for "all of it." [*Id.* at 5]. He does not state what relief he seeks from the Court. [*Id.*]

**Plaintiff's Background**

Some information on Plaintiff's background is helpful for understanding the allegations of the Complaint. According to an independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was charged in November 2022 in St. Charles County, Missouri, with possession of child pornography. *State v. Sellers*, No. 2211-CR03856-01 (11th Jud. Cir., 2022). Plaintiff was originally released on a cash bond, but in May 2025, the court granted the State's motion to revoke bond and Plaintiff was detained. After this revocation, Plaintiff was held at the St. Charles County Jail, which is where he was located when he filed this action in February 2026.

However, according to records from this Court, Plaintiff was arrested in March 2026 on a federal criminal charge of possession of child pornography, and he was moved to the Ste. Genevieve County Jail. *United States v. Sellers*, No. 4:26-cr-00095-MTS-1 (E.D. Mo. filed Feb. 25, 2026). Plaintiff pled not guilty to this charge at his initial appearance, but as of the date of this Order, the case is set for a change of plea hearing on December 7, 2026. Plaintiff's state court charge is also still pending.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Plaintiff's Complaint is sparse, with no statement of what he seeks from the Court. He complains about restrictions placed on where he can live and how he can participate in Halloween activities with his kids. Although Plaintiff never labels himself as such, these are restrictions placed on convicted sex offenders under Missouri law. *See* Mo. Rev. Stat. §§ 566.147 (limitations on residing within 1,000 feet of any school or childcare facility); 589.426 (restrictions on Halloween conduct). Liberally construing the allegations of Plaintiff's Complaint, he is complaining that these restrictions are violations of his constitutional rights.

However, while a self-represented pleading is to be liberally construed, it still must allege specific facts which, if proven true, would entitle the plaintiff to some legal relief against the named defendants under some cognizable legal theory. *Martin*, 623 F.2d at 1286. Furthermore, according to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009).

As discussed in detail below, Plaintiff here fails to state a cognizable § 1983 claim against either named defendant.[1] As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**A. Defendant St. Charles County Sheriff's Department**

A sheriff's office is not a distinctly suable entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or

[1] Even if Plaintiff had named a different defendant in this action and provided some basis for arguing that these restrictions violated his rights, the Court notes that the Eighth Circuit has already found similar sex offender residency restrictions constitutional. *See Doe v. Miller*, 405 F.3d 700 (8th Cir. 2005) (finding Iowa statute constitutional that requires convicted sex offenders to reside at least 2,000 feet from schools and childcare facilities); *see also Sanderson v. Bailey*, 700 F.Supp.3d 713, (E.D. Mo. 2023) (finding Missouri statute's Halloween sign requirement to be a First Amendment violation but stating that this holding does not invalidate the other sections of the statute, including requirements that sex offenders avoid all Halloween-related contact with children and remain in their residences during certain evening hours).

subdivisions of local government are "not juridical entities suable as such" under § 1983); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.,*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities under § 1983). Consequently, Plaintiff's Complaint fails to state a claim against defendant St. Charles County Sheriff's Department.

Even if St. Charles County was substituted for the Sheriff's Department, Plaintiff's claims would still fail. While a local governing body, such as a city or a county, can be sued directly under § 1983, the plaintiff must establish the governmental entity's liability for the alleged conduct. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways Plaintiff could potentially prove the liability of St. Charles County.

First, Plaintiff could show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).

Second, Plaintiff could establish a claim of liability based on an unconstitutional "custom." In order to do so, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, Plaintiff could assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, Plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, Plaintiff has failed to establish the liability of St. Charles County under any of these pleading requirements. Plaintiff has not alleged any non-conclusory facts suggesting that St. Charles County has an unconstitutional policy or custom, or that it has been deliberately indifferent in its failure to train or supervise its employees. Similarly, he has not shown any widespread pattern of unconstitutional misconduct by St. Charles County.

Accordingly, defendant St. Charles County Sheriff's Department will be dismissed for failure to state a claim because it is not suable under § 1983. Furthermore, to the extent Plaintiff intended to name St. Charles County instead of the Sheriff's Department as a defendant here, Plaintiff has failed to state a municipal liability claim against the County. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Defendant Missouri State Highway Patrol**

Plaintiff's claims against defendant Missouri State Highway Patrol are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A suit against the Missouri Highway Patrol is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* As a result, the Complaint also fails to state a claim upon which relief may be granted against defendant Missouri State Highway Patrol. 28 U.S.C. § 1915(e)(2)(B).

**Conclusion**

Based on a liberal review of the pleadings, the Court concludes that Plaintiff's Complaint fails to state a § 1983 claim as to either defendant St. Charles County Sheriff's Department or defendant Missouri State Highway Patrol. Therefore, this case is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). Finally, the Court holds that there would be no legally meritorious argument for finding that Plaintiff's allegations stated a valid claim against any named defendant. The Court therefore certifies that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to defendants St. Charles County Sheriff's Department and Missouri State Highway Patrol because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against the defendants are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE